IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA            )
ex rel. TIMOTHY BELL #B-70669,      )
                                    )
            Petitioner,             )
                                    )
    v.                              )   No. 08 C 2863
                                    )
EDDIE JONES,                        )
                                    )
            Respondent.             )

MEMORANDUM OPINION AND ORDER

This Court has just received from our Court of Appeals, for appropriate action, the application of Timothy Bell ("Bell") for permission to proceed on appeal in forma pauperis--an application that Bell had mistakenly lodged with the Court of Appeals. Bell has accompanied his application with a printout showing the transactions in, and the current balance of, his trust fund account at Western Illinois Correctional Center and Pontiac Correctional Center (he is now in custody at Pontiac).

It is clear from Bell's application that he would qualify for in forma pauperis status in purely financial terms, and our Court of Appeals has also made it clear that the Prison Litigation Reform Act does not apply to habeas corpus proceedings (see Martin v. United States, 96 F.3d 853, 855-56 (7th Cir. 1996)), which characterizes habeas corpus as sui generis). That combination would appear to call for granting Bell's motion and excusing him from any payment of appellate fees--except, that is, for one possibly complicating factor discussed in the next

paragraph.[1]

Repeated teaching from the Court of Appeals is that a litigant's entitlement to in forma pauperis status requires not only (1) a showing of the litigant's financial inability to pay the filing fee but also (2) the assertion of some nonfrivolous claim. Unless habeas corpus proceedings are viewed as sui generis in that respect as well, it would seem that the same reason that has caused this Court to state that no certificate of appealability should issue in this case--the total absence of any even arguable denial of a constitutional right--would call for the rejection of Bell's effort to obtain in forma pauperis treatment.[2]

Accordingly this Court denies Bell's motion to proceed on appeal in forma pauperis because of the legal frivolousness of the claim that he has advanced in his petition--although if the

---

[1] Martin, id. at 855 introduces a bit of confusion in that respect by its en passant parenthetical reference to a $5 fee in the course of discussing 28 U.S.C. §1915(g), where the opinion speaks of any prisoner who "was unable to pay the full appellate filing fee (compared to the $5 fee for an application for habeas corpus)." Does that parenthetical refer to the $5 fee payable in the district court? It does not say so expressly, and it might perhaps be read as contrasting the full appellate filing fee with a $5 fee payable at the appellate level. Although the latter does seem unlikely, it would be preferable if the issue could be cleared up for those of us who are called upon to rule on applications such as Bell's.

[2] In the interest of completeness, this Court attaches a copy of its July 10, 2008 statement as to a certificate of appealability, which had in turn attached a copy of the brief May 29, 2008 memorandum order dismissing Bell's petition.

2

sole test for granting in forma pauperis status were to be that of Bell's financial inability to pay, this Court would grant his motion.  Bell is advised that he may seek relief from this ruling by a refiling before the Court of Appeals (see Fed. R. App. P. 24(a)(5)).

                                              _____
                                              Milton I. Shadur
                                              Senior United States District Judge

Date:  July 24, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. TIMOTHY BELL #B-70669, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) No. 08 C 2863 ) |
| EDDIE JONES, | ) ) |
| Respondent. | ) |

## STATEMENT AS TO CERTIFICATE OF APPEALABILITY

Habeas petitioner Timothy Bell ("Bell") has filed a notice of appeal from this Court's dismissal of his petition, so that Fed. R. App. P. 22(b) calls for the issuance of a certificate of appealability or a statement of reasons why such a certificate should not issue. This Court finds that no such certificate should issue because Bell has clearly not made any substantial showing--indeed, has made no showing at all--of the denial of a constitutional right (see 28 U.S.C. §2253(c)(2)). Because the reason for that determination is explained in this Court's brief May 29, 2008 memorandum order dismissing the petition, a copy of that memorandum order is attached.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 10, 2008

4

```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

UNITED STATES OF AMERICA             )
ex rel. TIMOTHY BELL #B-70669,       )
                                     )
                  Petitioner,        )
                                     )
        v.                           )    No. 08 C 2863
                                     )
EDDIE JONES,                         )
                                     )
                  Respondent.        )

<u>MEMORANDUM ORDER</u>

Although Timothy Bell ("Bell") had filed a self-prepared 28 U.S.C. §2254 ("Section 2254") Petition for Writ of Habeas Corpus ("Petition") on May 16, 2008, no chambers copy of the Petition was delivered to this Court. It therefore learned of that filing only as the result of reviewing the current printout of pending motions in cases assigned to its calendar (a printout that it orders at regular intervals). This memorandum order deals with the threshold (and, as it turns out, dispositive) issues posed by Bell's filing.

To begin with, Bell has accompanied his Petition with forms of In Forma Pauperis Application ("Application") and Motion for Appointment of Counsel ("Motion"). As to the former, even though Bell has a minimal amount to his credit in his trust fund account at Pontiac Correctional Center ("Pontiac," where he is serving his sentence), he is likely unaware that the only filing fee chargeable in habeas cases is the modest sum of $5. Accordingly

Bell is granted leave to proceed with his action on condition that the $5 filing fee must be paid on or before July 2, 2008. To that end, a copy of this memorandum order is being sent to Pontiac with instructions to remit $5 to the "Clerk of the District Court" (identifying Case No. 08 C 2863) as soon as Bell's account balance exceeds that amount:

> Clerk, United States District Court
> 219 South Dearborn Street - 20th Floor
> Chicago IL 60604
>
> Attention: Fiscal Department

As for the substance of Bell's Petition, he raises only a single claim: the asserted constitutional inadequacy of representation by his trial counsel (and later his appellate counsel) in having failed to raise a statute of limitations defense to two of the five charges on which Bell had been indicted.[3] Although this Court has been unable to verify the factual underpinning for Bell's claim--that the Illinois statute of limitations in effect as to the two sexual assault charges was three years at the time of commission of those crimes (May 16, 1998), but the period was then extended to five years in the

---

[3] Bell's trial counsel was successful in obtaining dismissal of three of the five charges facing Bell on limitations grounds--aggravated kidnapping (720 ILCS 5/10-1(2)), kidnapping (720 ILCS 5/10-1(1)) and aggravated battery (720 ILCS 5/12-4(8))--based on the three year statute of limitations prescribed in 720 ILCS 5/3-5(b). But counsel did not advance the same argument as to the counts charging aggravated criminal sexual assault (720 ILCS 5/12-14(A)(4)) and criminal sexual assault (720 ILCS 5/12-13(A)(1)).

6

following month (June 1998)--this opinion is issued on the premise that Bell is correct in so stating.

That assumption can fairly be made here, because even on that basis Bell has not even a colorable claim that he was the victim of constitutionally inadequate representation by his trial counsel. It has been established for more than a quarter century that such an extension of a limitations period, enacted at a time when a crime is still indictable within the original limitations period, does not violate the Ex Post Facto Clause--here is the ruling by our Court of Appeals in United States ex rel. Massarella v. Elrod, 682 F.2d 688, 689 (7th Cir. 1982) in response to an argument identical to Bell's:

> Massarella's objection to the enlargement of the limitation period has no merit. Extending a limitation period before a given prosecution is barred does not violate the ex post facto clause. Clements v. United States, 266 F.2d 397, 399 (9th Cir.), cert. denied, 359 U.S. 985, 79 S.Ct. 943, 3 L.Ed.2d 934 (1959). As the Supreme Court recently noted, "no ex post facto violation occurs if the change effected is merely procedural, and does 'not increase the punishment nor change the ingredients of the offense or the ultimate facts necessary to establish guilt.'" Weaver v. Graham, 450 U.S. 24, 29 n.12, 101 S.Ct. 960, 964, n.12, 67 L.Ed.2d 17 (1981), quoting Hopt v. Utah, 110 U.S. 574, 590, 4 S.Ct. 202, 210, 28 L.Ed. 262 (1884). The extension of the statute of limitations in this case was just such a "merely procedural" change.

No constitutional provision other than the Ex Post Facto Clause is even arguably implicated by the challenged conduct of Bell's trial counsel Michael Greco. It was entirely proper for defense counsel Greco, who was successful in knocking out on

7

limitations grounds three of the five charges faced by Bell (see n.1), to have made the marginally-marked statement reflected in the attached transcript excerpt (which Bell has attached as Ex. C-1 to his Petition).  Accordingly "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" (Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts).  And that being so, the same Rule 4 directs this Court to dismiss the Petition--and it does so.

_____
Milton I. Shadur
Senior United States District Judge

Date:  May 29, 2008